| | |
|---|---|
| Arnold B. Calmann<br>**SAIBER LLC**<br>One Gateway Center<br>10th Floor, Suite 1000<br>Newark, NJ 07102<br>Telephone: (973) 622-3333<br>Email: abc@saiber.com | Steven F. Benz<br>**KELLOGG, HANSEN, TODD,**<br>   **FIGEL & FREDERICK, P.L.L.C.**<br>1615 M Street, N.W., Suite 400<br>Washington, D.C. 20036<br>Telephone: (202) 326-7900<br>Email: sbenz@kellogghansen.com |

*Counsel for Defendant Veeva Systems Inc.*

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | |
|---|---|
| IQVIA INC. and IMS SOFTWARE SERVICES, LTD.,<br><br>           *Plaintiffs*,<br><br>     v.<br><br>VEEVA SYSTEMS INC.,<br><br>           *Defendant*. | Case No.:  No. 2:19-cv-15517-CCC-MF<br><br>    Hon. Claire C. Cecchi, U.S.D.J.<br>    Hon. Mark Falk, U.S.M.J.<br><br><br>**VEEVA SYSTEMS INC.'S**<br>**ANSWER TO COMPLAINT**<br>**AND SEPARATE DEFENSES**<br><br><br>*Document filed electronically.* |

Pursuant to the Federal Rules of Civil Procedure, Defendant Veeva Systems Inc. ("Veeva"), by and through undersigned counsel, submits this Answer in response to allegations by Plaintiffs IQVIA Inc. and IMS Software Services, Ltd. (collectively, "IQVIA"), in the Complaint filed July 17, 2019, ECF No. 1.

This Answer incorporates the section headings and subheadings set forth in the Complaint only for purposes of clarity and convenience. To the extent that the Complaint's headings, subheadings, or footnotes contain factual allegations, they are denied. All allegations not expressly admitted herein are denied. Veeva reserves the right to amend and/or supplement its Answer as may be necessary.

**Response to "INTRODUCTION"**

1. To the extent this paragraph summarizes IQVIA's Complaint, Veeva refers to that document for its true and complete content. This paragraph also contains legal conclusions that require no response. Veeva admits that it sent IQVIA a set of claims. Veeva denies the remaining allegations set forth in paragraph 1 of the Complaint.

2. Veeva admits the allegations set forth in paragraph 2 of the Complaint.

3. Veeva lacks information sufficient to form a belief about the truth of the allegations regarding IQVIA's business activities. Veeva denies the remaining allegations set forth in paragraph 3 of the Complaint.

4. Veeva admits that it acquired AdvantageMS. Veeva admits that its Master Data Management ("MDM") software, Veeva Network, is cloud-based. Veeva denies the remaining allegations set forth in paragraph 4 of the Complaint.

5. Veeva admits that it conducted data comparisons and denies the remaining allegations set forth in paragraph 5 of the Complaint.

6. Veeva denies the allegations set forth in paragraph 6 of the Complaint.

7. Veeva refers the Court to the Third Party Access Agreements ("TPAs") for their true and complete content. Veeva denies the remaining allegations set forth in paragraph 7 of the Complaint.

8. Veeva denies the allegations set forth in paragraph 8 of the Complaint.

9. Veeva admits that customers sought TPAs from IQVIA to load IQVIA data into Veeva Nitro in the fall of 2018. Veeva denies the remaining allegations set forth in paragraph 9 of the Complaint.

10. Veeva admits that it entered into two TPAs with IQVIA with respect to Veeva Nitro. Veeva denies the remaining allegations set forth in paragraph 10 of the Complaint.

11. Paragraph 11 of the Complaint contains legal conclusions that require no response. Veeva denies the remaining allegations set forth in this paragraph.

12. Paragraph 12 of the Complaint contains legal conclusions that require no response. Veeva denies the remaining allegations set forth in this paragraph.

### Response to "JURISDICTION AND VENUE"

13. Paragraph 13 of the Complaint contains legal conclusions that require no response.

14. Paragraph 14 of the Complaint contains legal conclusions that require no response. Veeva admits that it sent IQVIA a set of claims.

15. Paragraph 15 of the Complaint contains legal conclusions that require no response. To the extent that the allegations set forth in paragraph 15 may be deemed to require a response from Veeva, Veeva denies these allegations, except admits that it is registered to conduct business in the state of New Jersey, and has or had business contact, transacted business in, or solicited business within the state of New Jersey.

16. Paragraph 16 of the Complaint contains legal conclusions that require no response.

### Response to "THE PARTIES"

17. Paragraph 17 of the Complaint contains legal conclusions that require no response. Veeva lacks information sufficient to form a belief about the remaining allegations in this paragraph.

18. Paragraph 18 of the Complaint contains legal conclusions that require no response. Veeva lacks information sufficient to form a belief about the remaining allegations in this paragraph.

19. Veeva admits that IQVIA provides market research, analytics, technology, and services. Veeva otherwise lacks information sufficient to form a belief about the truth of the allegations set forth in paragraph 19 of the Complaint.

20. Veeva lacks information sufficient to form a belief about the truth of the allegations set forth in paragraph 20 of the Complaint.

21. Veeva admits the allegations set forth in paragraph 21 of the Complaint.

22. Paragraph 22 of the Complaint contains IQVIA's characterization of its claims and legal conclusions, to which no response is required. To the extent that the allegations contained in paragraph 22 may be deemed to require a response from Veeva, Veeva admits that Veeva and IQVIA compete in the markets for reference data, Customer Relationship Management ("CRM") solutions, MDM solutions, Commercial Data Warehouse ("CDW") solutions, and related software, but otherwise denies the allegations.

### Response to "FACTUAL ALLEGATIONS"

I. **Response to "IQVIA'S SUITE OF INNOVATIVE SERVICES TO IMPROVE HEALTHCARE AROUND THE WORLD"**

23. Paragraph 23 of the Complaint contains legal conclusions that require no response. Veeva lacks information sufficient to form a belief about the remaining allegations in this paragraph.

   A. **Response to "IQVIA's Market Research Offerings"**

24. Veeva lacks information sufficient to form a belief about the truth of the allegations set forth in paragraph 24 of the Complaint.

25. Veeva lacks information sufficient to form a belief about the truth of the allegations set forth in paragraph 25 of the Complaint.

26. Veeva lacks information sufficient to form a belief about the truth of the allegations set forth in paragraph 26 of the Complaint.

27. Veeva lacks information sufficient to form a belief about the truth of the allegations set forth in paragraph 27 of the Complaint.

### 1. Response to "Healthcare Professional Data"

28. Veeva lacks information sufficient to form a belief about the truth of the allegations set forth in paragraph 28 of the Complaint.

29. Veeva lacks information sufficient to form a belief about the truth of the allegations set forth in paragraph 29 of the Complaint.

30. Veeva lacks information sufficient to form a belief about the truth of the allegations set forth in paragraph 30 of the Complaint.

31. Veeva admits that accurate data on healthcare professionals and organizations is important to Veeva's life sciences clients. Veeva admits that the allegations set forth in paragraph 31 of the Complaint are approximate statements made in a marketing video hosted on Veeva's website at https://www.veeva.com/resources/veeva-asks-what-is-the-cost-of-bad-data/. Veeva directs the Court to the video for a full and complete copy of its contents.

32. Veeva lacks information sufficient to form a belief about the truth of the allegations set forth in paragraph 32 of the Complaint.

### 2. Response to "Sub-National Information"

33. Veeva lacks information sufficient to form a belief about the truth of the allegations set forth in paragraph 33 of the Complaint.

34. Veeva lacks information sufficient to form a belief about the truth of the allegations set forth in paragraph 34 of the Complaint.

35. Veeva lacks information sufficient to form a belief about the truth of the allegations set forth in paragraph 35 of the Complaint.

36. Veeva lacks information sufficient to form a belief about the truth of the allegations set forth in paragraph 36 of the Complaint.

37. Veeva lacks information sufficient to form a belief about the truth of the allegations set forth in paragraph 37 of the Complaint.

38. Veeva lacks information sufficient to form a belief about the truth of the allegations set forth in paragraph 38 of the Complaint.

B. **Response to "IQVIA Protects Its Market Research Offerings From Theft and Misuse"**

39. Veeva lacks information sufficient to form a belief about the truth of the allegations set forth in paragraph 39 of the Complaint.

40. Veeva lacks information sufficient to form a belief about the truth of the allegations set forth in paragraph 40 of the Complaint.

41. Veeva admits that it has some clients in common with IQVIA. Veeva admits that IQVIA has used TPAs, in various forms and by various names, to allow or deny customers to use IQVIA's reference data and sales data with third-party vendors such as Veeva. Veeva directs the Court to the agreements for a full and complete copy of their contents. Veeva otherwise lacks information sufficient to form a belief about the truth of the remaining allegations set forth in paragraph 41 of the Complaint.

42. Veeva admits that it and IQVIA have entered into numerous TPAs since 2011. Veeva lacks information sufficient to form a belief about the truth of the remaining allegations set forth in paragraph 42 of the Complaint.

43.     Veeva refers to the documents for their true and complete content.  Paragraph 43 of the Complaint contains IQVIA's characterization of its claims and legal conclusions, to which no response is required.  To the extent that the allegations contained in paragraph 43 may be deemed to require a response from Veeva, Veeva denies these allegations.

44.     Veeva refers to the documents for their true and complete content.  Paragraph 44 of the Complaint contains IQVIA's characterization of its claims and legal conclusions, to which no response is required.  To the extent that the allegations contained in paragraph 44 may be deemed to require a response from Veeva, Veeva denies these allegations.

45.     Veeva admits that IQVIA has denied TPAs requested by customers.  Paragraph 45 of the Complaint otherwise contains IQVIA's characterization of its claims and legal conclusions, to which no response is required.  To the extent that the allegations contained in paragraph 45 may be deemed to require a response from Veeva, Veeva denies these allegations.

46.     Veeva lacks information sufficient to form a belief about the truth of the allegations set forth in paragraph 46 of the Complaint.

47.     Veeva lacks information sufficient to form a belief about the truth of the allegations set forth in paragraph 47 of the Complaint.

**C.      Response to "IQVIA's Technology Offerings"**

48.     Veeva admits that life sciences companies use many software and technology products to access, organize, store, and process data.  Veeva lacks information sufficient to form a belief about the truth of the allegations set forth in paragraph 48 of the Complaint.

1.      <u>Response to "Master Data Management (MDM)"</u>

49.     Veeva admits the allegations set forth in paragraph 49 of the Complaint.

2.      <u>Response to "Customer Relationship Management (CRM)"</u>

50. Veeva admits the allegations set forth in paragraph 50 of the Complaint.

      3. <u>Response to "Data Warehouse Services and Products"</u>

51. Veeva denies that IQVIA's definition of data warehouses in paragraph 51 of the Complaint provides a complete description of what data warehouses do.

## II. Response to "VEEVA'S COMPETING PRODUCTS"

52. Veeva denies IQVIA's characterization of Veeva as a one-product company from 2007 until 2013. Veeva admits the remaining allegations set forth in paragraph 52 of the Complaint.

53. Veeva admits that it began offering an MDM solution in 2013 and marketed reference data under the brand name Veeva OpenData. Veeva admits that its MDM solution, called Veeva Network, is designed to work with reference data for life sciences companies. Veeva denies the remaining allegations set forth in paragraph 53 of the Complaint.

54. Veeva admits that it acquired AdvantageMS in June 2013. Veeva denies the remaining allegations set forth in paragraph 54 of the Complaint.

55. Veeva admits that it offers OpenData in approximately 34 countries and has partnerships to provide reference data in additional countries. Veeva denies the remaining allegations set forth in paragraph 55 of the Complaint.

56. Veeva admits that its data warehousing software product, called Veeva Nitro, resides on servers provided by a third party; Veeva does not own those servers but controls the operation of the software on those servers. Veeva admits the remaining allegations set forth in paragraph 56 of the Complaint.

## III. Response to "VEEVA'S PATTERN OF THEFT AND DISPARAGEMENT"

57. Veeva lacks information sufficient to form a belief about the truth of IQVIA's beliefs. Veeva denies the remaining allegations set forth in paragraph 57 of the Complaint.

      A.      **Response to "Veeva's Statements and Actions Suggest a High Risk of Theft"**

58.      Veeva denies the allegations set forth in paragraph 58 of the Complaint.

59.      Veeva admits that it marketed a product called OpenKey that was later rebranded to OpenData. Veeva denies the remaining allegations set forth in paragraph 59 of the Complaint.

60.      Veeva admits that many life sciences companies purchase reference data from IQVIA. Veeva admits that, at the time of Network's launch, Veeva used the word "crowdsourcing" in some marketing materials. Veeva denies the remaining allegations set forth in paragraph 60 of the Complaint.

61.      Veeva denies the allegations set forth in paragraph 61 of the Complaint.

62.      Veeva admits that a limited number of employees with responsibilities to Veeva OpenData were co-located within the same offices as employees with responsibilities to Veeva Network. Veeva denies the remaining allegations set forth in paragraph 62 of the Complaint.

63.      Veeva admits that, in compliance with applicable IQVIA TPAs, certain of its personnel sometimes access Veeva CRM and MDM instances in order to resolve technology support issues reported by its customers. Veeva denies the remaining allegations set forth in paragraph 63 of the Complaint.

64.      Veeva refers to the cited complaints for their true and complete content. Veeva denies the remaining allegations set forth in paragraph 64 of the Complaint.

65.      Veeva refers to the email for its true and complete content. Veeva denies the remaining allegations set forth in paragraph 65 of the Complaint.

B.  **Response to "An Independent Audit Confirms IQVIA's Fears and Reveals Veeva's Deceptions"**

66. Veeva lacks sufficient information to form a belief about the truth of IQVIA's state of mind. Veeva refers to the communications referenced in paragraph 66 of the Complaint for their true and complete content. Veeva denies the remaining allegations in this paragraph.

67. Veeva denies the allegations set forth in paragraph 67 of the Complaint.

68. Veeva admits that it consented to an independent assessment of its data security in September 2015, in the course of attempting to negotiate a TPA with IQVIA for the benefit of a joint customer. Veeva admits that IQVIA was the party to propose the independent assessment. Veeva admits that it twice requested deferments of the beginning of the security assessment in order to prepare staff to properly participate in the intensive audit procedures. Veeva admits that an audit began in October 2015. Veeva denies the remaining allegations set forth in paragraph 68 of the Complaint.

69. Veeva denies the allegations set forth in paragraph 69 of the Complaint.

70. Veeva denies the allegations set forth in paragraph 70 of the Complaint.

71. Veeva lacks sufficient information to form a belief about the truth of the allegations set forth in paragraph 71 of the Complaint.

C.  **Response to "A Customer Reveals More Misuse"**

72. Veeva admits that it created Data Report Cards. Veeva denies the remaining allegations set forth in paragraph 72 of the Complaint.

73. Veeva denies the allegations set forth in paragraph 73 of the Complaint.

74. Veeva admits that a client had inadvertently sent IQVIA reference data to Veeva. Veeva denies the remaining allegations set forth in paragraph 74 of the Complaint.

75. Veeva denies the allegations set forth in paragraph 75 of the Complaint.

76. Veeva denies the allegations set forth in paragraph 76 of the Complaint.

77. Veeva denies the allegations set forth in paragraph 77 of the Complaint.

**D.     Response to "Veeva's Disparagement of IQVIA"**

78. Veeva denies the allegations set forth in paragraph 78 of the Complaint.

79. Veeva denies the allegations set forth in paragraph 79 of the Complaint.

80. Veeva admits that it filed antitrust counterclaims but otherwise denies the allegations set forth in paragraph 80 of the Complaint.

81. Veeva denies the allegations set forth in paragraph 81 of the Complaint.

82. Veeva denies the allegations set forth in paragraph 82 of the Complaint.

83. Veeva denies the allegations set forth in paragraph 83 of the Complaint.

84. Veeva lacks sufficient information to form a belief about IQVIA's deliberative process. Veeva refers to the email for its true and complete content. Veeva denies the remaining allegations set forth in paragraph 84 of the Complaint.

85. Veeva admits the allegations set forth in paragraph 85 of the Complaint.

86. Veeva denies the allegations set forth in paragraph 86 of the Complaint.

**E.     Response to "Veeva's Culture of Theft"**

87. Veeva denies the allegations set forth in paragraph 87 of the Complaint.

88. Veeva admits that it purchased AdvantageMS in 2013. Veeva admits that AdvantageMS had access to IQVIA data, which access became available to Veeva. Veeva denies the remaining allegations set forth in paragraph 88 of the Complaint.

89. Veeva denies the allegations set forth in paragraph 89 of the Complaint.

90. Veeva denies the allegations set forth in paragraph 90 of the Complaint.

91. Veeva denies the allegations set forth in paragraph 91 of the Complaint.

92. Veeva denies the allegations set forth in paragraph 92 of the Complaint.

IV.   **Response to "VEEVA SEEKS TO USE IQVIA MARKET RESEARCH OFFERINGS IN VEEVA NITRO"**

93.   Veeva admits that some life sciences companies requested permission to use IQVIA data in Veeva Nitro. Veeva lacks sufficient information to form a belief about the truth of IQVIA's state of mind. Veeva denies the remaining allegations set forth in paragraph 93 of the Complaint.

94.   Veeva admits that IQVIA entered into TPAs on two occasions to allow customers to use its data with Veeva Nitro. Veeva denies the remaining allegations set forth in paragraph 94 of the Complaint.

95.   Veeva denies the allegations set forth in paragraph 95 of the Complaint.

96.   Veeva refers to the communications referenced in paragraph 96 of the Complaint for their true and complete content. Veeva denies the remaining allegations set forth in this paragraph.

97.   Veeva admits that its counsel sent proposed Second Amended Counterclaims on June 1, 2019, which related to Veeva Nitro. Veeva refers to the proposed counterclaims for their true and complete content. Veeva denies the remaining allegations set forth in paragraph 97 of the Complaint.

98.   Veeva denies the allegations set forth in paragraph 98 of the Complaint.

99.   Veeva denies the allegations set forth in paragraph 99 of the Complaint.

100.  Paragraph 100 of the Complaint contains legal conclusions to which no response is required. Veeva denies the factual allegations in this paragraph.

101.  Veeva denies the allegations set forth in paragraph 101 of the Complaint.

102.  Paragraph 102 of the Complaint contains legal conclusions to which no response is required.

### Response to "LEGAL CLAIMS"

### Response to "COUNT I

### DECLARATORY JUDGMENT
### (28 U.S.C. § 2201)"

103. Veeva incorporates the responses in the previous paragraphs as if fully set forth herein.

104. Veeva denies the allegations set forth in paragraph 104 of the Complaint.

105. Veeva denies the allegations set forth in paragraph 105 of the Complaint.

### PRAYER FOR RELIEF

Veeva denies that IQVIA is entitled to any of the relief it has requested or to any other relief.

### JURY TRIAL DEMAND

Pursuant to Federal Rule of Civil Procedure 38(b), Veeva hereby demands a trial by jury of all issues so triable.

### AFFIRMATIVE OR OTHER DEFENSES

Without prejudice to the denials set forth in its Answer, and without admitting any allegations of the Complaint not expressly admitted, Veeva asserts the following affirmative or other defenses to the Complaint without assuming the burden of proof on any such defense that would otherwise rest with IQVIA. Veeva reserves the right to assert further defenses as the case proceeds.

### FIRST DEFENSE

The Complaint fails to state a claim upon which relief can be granted.

## SECOND DEFENSE

IQVIA's claim is barred, in whole or in part, because IQVIA lacks authority, capacity, or standing to assert it.

## THIRD DEFENSE

IQVIA's claim is barred, in whole or in part, by the doctrines of waiver, laches, and estoppel.

## FOURTH DEFENSE

IQVIA's claim is barred, in whole or in part, by the statute of limitations.

## FIFTH DEFENSE

IQVIA's claim is barred, in whole or in part, by the doctrine of unclean hands and/or *in pari delicto*.

## SIXTH DEFENSE

The doctrine of implied license bars IQVIA's claim.

## SEVENTH DEFENSE

To the extent reliance upon a release is deemed an affirmative defense rather than an element on which IQVIA bears the burden of proof (and Veeva contends that the latter applies), IQVIA is barred from pursuing any claims, or otherwise submitting evidence to support a claim, based on claims previously released.

## PRAYER FOR RELIEF

WHEREFORE, Veeva respectfully requests as follows:

(A) that IQVIA's Complaint be dismissed with prejudice;

(B) that Veeva be awarded the attorneys' fees, costs, expenses, and disbursements, which it incurs in defending this action; and

(C) that Veeva be awarded such further relief as this Court may deem just and proper.

Dated:  April 2, 2020                                    Respectfully submitted,

                                              By:     */s/ Arnold B. Calmann*
                                                      Arnold B. Calmann (SBN 287781973)
                                                      Katherine A. Escanlar (SBN 028042004)
                                                      **SAIBER LLC**
                                                      One Gateway Center, 10th Floor, Suite 1000
                                                      Newark, NJ 07102
                                                      Tel.: (973) 622-3333
                                                      Email: abc@saiber.com
                                                      Email: kescanlar@saiber.com

                                                      Steven F. Benz (*pro hac vice*)
                                                      **KELLOGG, HANSEN, TODD,
                                                        FIGEL & FREDERICK, P.L.L.C.**
                                                      Sumner Square
                                                      1615 M Street, N.W., Suite 400
                                                      Washington, D.C. 20036
                                                      Tel.: (202) 326-7900
                                                      Email: sbenz@kellogghansen.com

                                                      *Counsel for Defendant Veeva Systems Inc.*