<u>**NOT FOR PUBLICATION**</u>

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| **IQVIA INC. and IMS SOFTWARE SERVICES, LTD.,** | Civil Action No.: 19-15517 (CCC) |
| **Plaintiffs,** | |
| v. | |
| **VEEVA SYSTEMS, INC.,** | |
| **Defendant.** | |
| | Civil Action No.: 19-18558 (CCC) |
| **VEEVA SYSTEMS, INC.,** | |
| **Plaintiff,** | |
| v. | |
| **IQVIA INC. and IMS SOFTWARE SERVICES, LTD.,** | **OPINION** |
| **Defendants.** | |

<u>**FALK, U.S.M.J.**</u>

IQVIA Inc. and IMS Software Services (together, "IQVIA") and Veeva Systems are involved in an all-encompassing battle regarding alleged trade secret theft and allegations of antitrust violations. This fight is presently spread over three cases, the two captioned above and the first-filed matter of *IQVIA Inc. v. Veeva, Inc.*, 17-177 (CCC) ("*IQVIA I*"). Presently before the Court is IQVIA's motion to consolidate the two cases above – *IQVIA II* and *IQVIA III* – and

–1–

stay them pending resolution of *IQVIA I*.  [ECF No. 33.]¹  Veeva consents to consolidation of *IQVIA II* and *III* but opposes the motion to stay.  The motion is fully briefed.  Oral argument is not necessary.  Fed. R. Civ. P. 78(b).  For the reasons set forth below, the motion is **GRANTED**.

## BACKGROUND²

IQVIA is engaged in the business of providing market research, analytics, technology and services to the life sciences, medical device, and diagnostics and healthcare industries. Veeva Systems, Inc. is an information and technology services company and competitor of IQVIA.

*IQVIA I:*  In January 2017, *IQVIA I* was filed.  *IQVIA I* alleges that Veeva has engaged in corporate theft and misconduct, including the repeated misuse and mishandling of confidential and proprietary information over a period of years. IQVIA claims that it provides clients with, *inter alia*, market research products that combine healthcare data, market research, and proprietary analytics, and at times, IQVIA granted Veeva access to this confidential and proprietary information through Third Party Limited License Agreements.  IQVIA contends that Veeva used its confidential and proprietary information improperly and for the purpose of developing and improving Veeva's own data and technology products and to assist in marketing and promoting Veeva's competing brand.

The *IQVIA I* Complaint alleges: (1) Federal Theft of Trade Secrets, the Defend Trade

---

1 The Court refers to *IQVIA v. Veeva,* 19-15517 (CCC) as "*IQVIA II*" and *Veeva v. IQVIA*, 19-18558 (CCC) as "*IQVIA III.*" Although Veeva is the Plaintiff in *IQVIA III*, the matters are referred to in this way for ease of reference.

2 The background is drawn from the parties' papers and from prior Opinions, *see, e.g.*, *Quintiles IMS v. Veeva*, 2017 WL 2766166 (D.N.J. June 23, 2017).  Direct citations are mostly omitted.

–2–

Secrets Act, 18 U.S.C. § 1836 (2) Theft of Trade Secrets (New Jersey state law; N.J.S.A. § 56:15); (3) Tortious Interference (New Jersey state law); (4) Federal False and Misleading Advertising, in violation of the Lanham Act, 15 U.S.C. § 1125; (5) Unfair Trade Practices (New Jersey state law); and (6) Unjust Enrichment (New Jersey state law).  Veeva has responded with counterclaims alleging antitrust violations.  Veeva contends that IQVIA violated antitrust law by refusing to grant it access to data to be used in Veeva's Master Data Management ("MDM") software.

*IQVIA I* has been pending for three years and has been litigated heavily.  Discovery is ongoing and is being managed by Special Master Dennis M. Cavanaugh, U.S.D.J. (ret.), who has presided over 16 conferences, the production of millions of pages of documents and 70 depositions, and decided two dozen motions.  IQVIA has also filed what it describes as a case dispositive spoliation motion, which remains pending.

*IQVIA II*:   In 2018, while *IQVIA I* was pending, IQVIA received requests from Veeva to access its software for use in a new Veeva product - Veeva Nitro.  IQVIA states that, "because of Veeva's illegal conduct [alleged in *IQVIA I*] IQVIA has, to date, generally not granted" third party licenses to Veeva to load IQVIA's data into Veeva Nitro.  Veeva, contending this refusal to grant third-party licenses constitutes further antitrust misconduct, discussed with IQVIA the potential to amend its antitrust counterclaims in *IQVIA I*.  When those negotiations failed, IQVIA filed *IQVIA II* as a declaratory judgment action.  The *IQVIA II* complaint seeks a declaration that:

> IQVIA is not liable to Veeva based on any decisions to enter into TPA Agreements permitting IQVIA's Market Research Offerings to be inputted into Veeva Nitro, or any later-introduced Veeva [] products, under any federal antitrust law, including Section 2 of the Sherman Act, or the laws of the states of New Jersey or California.

***IQVIA III*:**   The day after *IQVIA II* was filed in New Jersey, Veeva filed *IQVIA III* in the United States District Court for the Northern District of California. The suit alleges that IQVIA's business practices relating to licensing and the Veeva products violate antitrust laws – essentially, the opposite contention of *IQVIA II*.   On September 30, 2019, the Honorable William H. Alsup, U.S.D.J. transferred *IQVIA III* to this Court, where it was assigned docket number 19-18558 (CCC).

***The Current Motion*:**   On May 15, 2020, IQVIA filed, in *IQVIA II*, the current motion to consolidate *IQVIA II* and *IQVIA III* and to stay the two cases pending resolution of *IQVIA I*. IQVIA contends that resolution of *IQVIA I* will drastically simplify if not completely resolve the two later filed cases, in addition to conserving judicial resources – all without prejudicing Veeva. Veeva consents to consolidation of matters *II* and *III*.   However, Veeva contends that it would be prejudiced by a stay of the later filed actions and that resolution of *IQVIA I* will not control matters *II* and *III*.

## LEGAL STANDARD

A stay pursuant to the Court's inherent authority is completely discretionary. *See, e.g.*, *Bechtel Corp. v. Local 215 Laborers' Int'l Union of N.A.*, 544 F.2d 1207, 1215 (3d Cir. 1976). Deciding whether to stay a case requires "an exercise in judgment, which must weigh competing interests and maintain an even balance."   *Landis v. North Am. Co.*, 299 U.S. 248, 255-56 (1936). Considerations generally include: the hardship to the moving party should the case proceed; the potential prejudice to the non-moving party; the length of the requested stay; the similarity of the issues; and judicial economy.   *Id.; see also Akishev v. Kapustin*, 23 F. Supp. 3d 440, 446 (D.N.J.

–4–

2014).*³*

## **DECISION**

The parties' dispute may span three cases, but in truth all the different slices come from the same pie. IQVIA believes that Veeva has misappropriated and misused its trade secrets and wants to limit or deny further access to same because of the alleged behavior. Veeva contends that it has done nothing wrong and that IQVIA is abusing the antitrust laws to damage a competitor. While this is an oversimplification of the three cases, that is the basic gist of the matter. And whether it's presented through the prism of one active case or three, is beside the point. For the reasons below, the first filed action should be litigated to conclusion and *IQVIA II* and *III* shall be stayed pending that decision.

**First**, the issues between and among the cases are indisputably similar and related. Most fundamentally, a finding in IQVIA's favor on the affirmative trade secret claims in the first case would appear to go a long way toward resolving the entire litigation bundle involving these parties. *See, e.g.*, *Novell Inc. v. Microsoft Corp.*, 731 F.3d 1064, 1075 (10th Cir. 2013) (a

---

3 Veeva's papers suggest a heightened standard should apply to IQVIA's request for a stay. It contends that in order to obtain a stay of matters *II* and *III*, IQVIA should have to show that its right to summary judgment in *IQVIA I* be "clear and unmistakable" and that "as a matter of issue preclusion" such a judgment will have preclusive effect in the later filed actions. *See* Opp'n Br. 9.

The Court rejects this elevated standard. The stay of civil litigation is always discretionary, *see Landis*, 299 U.S. 248, 255-56, and while similarity of issues is a factor – perhaps the most important one – a party moving for a discretionary stay is not required to show clear and unmistakable entitlement to summary judgment in a previously filed case or issue preclusive effect. *See id.*; *see also Bechtel*, 544 F.2d at 1215; *Haas v. Burlington County*, 2009 WL 4250037, at *2 (D.N.J. Nov. 24, 2009). The cases Veeva cites stating otherwise are not binding, distinguishable, and arise in different contexts, *see, e.g., Gerald Chamales Corp. v. Oki Data Ams., Inc.*, 247 F.R.D. 453, 454 (D.N.J. 2007) (stay request based on pendency and merits of a dispositive motion).

refusal to deal violates the antitrust laws only when "it is irrational but for its anticompetitive effects"). But regardless of who prevails in *IQVIA I*, a decision on the issues in that case would bear on all remaining claims - because all three cases essentially require a resolution of the trade secret issues in *IQVIA I*.   The domino effect such a resolution would have on Veeva's counterclaim in *IQVIA I* and the analysis employed with respect to anticompetitive behavior alleged - and positions taken - in *IQVIA II* and *III*, is essentially indisputable – again, should either side prevail.

Veeva contends that because the products at issue in *IQVIA I* and *IQVIA II* and *III* are different, and because IQVIA's alleged anticompetitive behavior may be different at different times, there is no reason to delay the later filed cases. The Court disagrees. It would make no practical sense to litigate the antitrust allegations in the later filed cases until the parties know where they stand with respect to the trade secrets claim.   One is inextricably intertwined with the other.   The simple fact is that the first case will largely control the second and third cases – both practically and legally.   The allegations and claims in the three cases overlap and have practical impact on one another, a fact noted by Judge Alsup when he transferred *IQVIA III* here in 2019.   The similarity of issues presented strongly weighs in favor of a stay.

**<u>Second</u>**, proceeding with the second case now would require additional time-consuming discovery and would not be judicially efficient.   The parties have been involved in discovery for multiple years in *IQVIA I* -- 70 depositions have been taken, millions of documents have been produced, motions decided, and constant attention has been given by a Special Master.   That discovery period is drawing closer to an end, and motion practice is visible on the horizon. Proceeding full steam into *IQVIA II* and *III* now jeopardizes that progress and presents the

specter of additional discovery disputes and the need for the expenditure of judicial resources that may drag out the parties' litigation bundle for years. This frankly should not be what either side wants – as a delay of the first case could be prejudicial to both sides' interests.   Moreover, whether *IQVIA I* completely resolves any issues in *II* or *III* may be disputed by the parties, but there would not appear to be any reasonable dispute that resolution of issues in *I* would <u>bear on</u> *II* and *III*, and limit or otherwise potential clarify and reduce what discovery would be needed in those cases.   In that sense, even if *IQVIA I* does not resolve the cases, it would likely help reign in and focus otherwise potentially unwieldly discovery in matters *II* and *III,* making the discovery period needed in the latter filed cases shorter – leading to a quicker resolution of all three cases. This approach would likely expedite resolution of all three cases while minimizing the risk for unnecessary and expensive discovery. In truth, in no scenario would a resolution of *IQVIA II* or *III* precede *I*, so the Court sees great benefit both to the parties and Court to resolve the first case before proceeding with cases two and three.

**Third**, the Court does not discern substantial prejudice from a stay.   Veeva claims it will be prejudiced by the allegedly ongoing anticompetitive behavior in matters *II* and *III*, speculating that *IQVIA I* is still years from resolution.   For one thing, there is no basis to conclude that *IQVIA I* is years from a decision, especially with fact discovery appearing to finally wind down and motions potentially coming soon.   But that aside, no injunction was sought in these cases, and no reason has been shown why monetary damages would be insufficient.   Moreover, the Court is always able to revisit and revise a stay should a lack of progress in *IQVIA I* give reason to do so.   However, at this time, the benefit to the parties and Court from proceeding first with *IQVIA I* outweighs any prejudice that has been shown from a stay of cases *II* and *III*.

–7–

## CONCLUSION

For the reasons set forth above, the Court concludes that a discretionary stay of *IQVIA II* and *III* is warranted. There are overlapping and similar issues among the three cases, a stay would conserve party and court resources, and there is no substantial prejudice that would result from a stay. For that reason, IQVIA's motion to consolidate and stay [ECF No. 33] is **GRANTED**. The Court will enter an appropriate Order consolidating the cases, at which time the matters will be stayed.

**s/Mark Falk**  
**MARK FALK**  
**United States Magistrate Judge**

**DATED: August 21, 2020**