**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| IQVIA INC. and IMS SOFTWARE SERVICES, LTD., <br><br> Plaintiffs, <br><br> v. <br><br> VEEVA SYSTEMS, INC., <br><br> Defendant. | Civil Action No.: 19-15517 (JXN) |
| VEEVA SYSTEMS, INC., <br><br> Plaintiff, <br><br> v. <br><br> IQVIA INC. and IMS SOFTWARE SERVICES, LTD., <br><br> Defendants. | Civil Action No.: 19-18558 (JXN) <br><br> (CONSOLIDATED) <br><br><br> OPINION |

**FALK, U.S.M.J.**

IQVIA Inc. and IMS Software Services (together, "IQVIA") and Veeva Systems are parties to the following cases involving allegations of trade secret theft and antitrust violations: (1) *IQVIA Inc. v. Veeva, Inc.*, 17-177 (JXN) ("*IQVIA I*"); and (2) *IQVIA v. Veeva,* 19-15517 (JXN) and *Veeva v. IQVIA*, 19-18558 (JXN), which are consolidated as "*IQVIA II.*"

On August 21, 2020, the Undersigned stayed *IQVIA II* pending resolution of *IQVIA I*,

–1–

subject to potential future modification.   On January 19, 2021, Veeva filed a motion to lift the *IQVIA II* stay.   [ECF No. 63.]   IQVIA opposes the motion.   The parties have filed the three briefs permitted on a formal motion – in addition to filing four additional, supplemental letters.   [ECF Nos. 63, 66, 70, 79-80, 83, 85.]   All have been considered.   Oral argument is not necessary.   *See* Fed. R. Civ. P. 78(b).   For the reasons set forth below, the motion is **GRANTED**.

## BACKGROUND[1]

IQVIA is engaged in the business of providing market research, analytics, technology and services to the life sciences, medical device, and diagnostics and healthcare industries. Veeva Systems, Inc. is an information and technology services company and competitor of IQVIA.

*IQVIA I*:   In January 2017, *IQVIA I* was filed.   *IQVIA I* alleges that Veeva has engaged in corporate theft and misconduct, including the repeated misuse and mishandling of confidential and proprietary information over a period of years.   IQVIA claims that it provides clients with, *inter alia*, market research products that combine healthcare data, market research, and proprietary analytics.   At times, IQVIA granted Veeva access to this confidential and proprietary information through Third Party Limited License Agreements.   IQVIA contends that Veeva used its confidential and proprietary information improperly and for the purpose of developing and improving Veeva's own data and technology products and to assist in marketing and promoting Veeva's competing brand.

The *IQVIA I* Complaint alleges: (1) Federal Theft of Trade Secrets, the Defend Trade

---

[1] The following background is largely drawn from prior Opinions.   *E.g.*, *IQVIA v. Veeva*, 2020 WL 4915670 (D.N.J. Aug. 21, 2020).   Direct citations are mostly omitted.

–2–

Secrets Act, 18 U.S.C. § 1836 (2) Theft of Trade Secrets (New Jersey state law; N.J.S.A. § 56:15); (3) Tortious Interference (New Jersey state law); (4) Federal False and Misleading Advertising, in violation of the Lanham Act, 15 U.S.C. § 1125; (5) Unfair Trade Practices (New Jersey state law); and (6) Unjust Enrichment (New Jersey state law).  Veeva has responded with counterclaims alleging antitrust violations.  Veeva contends that IQVIA violated antitrust law by refusing to grant it access to data to be used in Veeva's Master Data Management ("MDM") software.

*IQVIA I* has been pending for four years and has been litigated heavily.  Discovery is ongoing and is being managed by Special Master Dennis M. Cavanaugh, U.S.D.J. (ret.), who has presided over approximately 20 conferences, the production of millions of pages of documents and 70 depositions, and decided two dozen motions.

***IQVIA II*:**  In 2018, while *IQVIA I* was pending, IQVIA received requests from Veeva to access its software for use in a new Veeva product -- Veeva Nitro.  IQVIA states that, "because of Veeva's illegal conduct IQVIA has, to date, generally not granted" third party licenses to Veeva to load IQVIA's data into Veeva Nitro.  Veeva, contending this refusal to grant third-party licenses constitutes further antitrust misconduct, discussed with IQVIA the potential to amend its antitrust counterclaims in *IQVIA I*.  When those negotiations failed, IQVIA filed a declaratory judgment action, seeking a declaration that:

> IQVIA is not liable to Veeva based on any decisions to enter into TPA Agreements permitting IQVIA's Market Research Offerings to be inputted into Veeva Nitro, or any later-introduced Veeva [] products, under any federal antitrust law, including Section 2 of the Sherman Act, or the laws of the states of New Jersey or California.

The day after IQVIA filed the second complaint in New Jersey, Veeva filed a complaint in the United States District Court for the Northern District of California.  Veeva's suit alleges

that IQVIA's business practices relating to licensing and the Veeva products violate antitrust laws.  Veeva also contends that IQVIA is engaged in repetitive and illicit access to Veeva's software programs.  On September 30, 2019, the Honorable William H. Alsup, U.S.D.J. transferred Veeva's complaint to this Court, where it was assigned docket number 19-18558.

On August 21, 2020, with the consent of the parties, the two cases referenced above were consolidated as *IQVIA II*.

**The Current Motion**:   Veeva requests that the stay, which has been in place for nearly a year, be lifted for two main reasons: (1) *IQVIA I* continues to be heavily litigated and is proceeding slower than the parties and Court would like; and (2) Veeva is being prejudiced by the fact that certain claims in *IQVIA II* – specifically, the allegation that IQVIA is engaged in intentional interference with Veeva's customer contracts – is ongoing, unabated, and unconnected to any of the allegations in *IQVIA I*.   Veeva also contends that one of the underlying reasons for the stay, which was *IQVIA's* then-pending motion for case dispositive spoilation sanctions, has come and gone and the case remains.

IQVIA contends that essentially nothing has changed since the stay was imposed and that Veeva's motion is essentially an untimely application for reconsideration.

## LEGAL STANDARD

A stay pursuant to the Court's inherent authority is completely discretionary. *See, e.g.*, *Bechtel Corp. v. Local 215 Laborers' Int'l Union of N.A.*, 544 F.2d 1207, 1215 (3d Cir. 1976). Deciding whether to stay a case requires "an exercise in judgment, which must weigh competing interests and maintain an even balance."  *Landis v. North Am. Co.*, 299 U.S. 248, 255-56 (1936). The stay in place in this case was never intended to be permanent – indeed, we stated that "the

Court is always able to revisit and revise a stay should a lack of progress in *IQVIA I* give reason to do so." *Id.* at *7.

## DECISION

*IQVIA II* was stayed more than a year ago. Since that time, the parties have continued to aggressively litigate *IQVIA I* -- there have been 80 docket entries in *IQVIA I* since August 2020 alone; the Special Master has issued three comprehensive and substantive opinions; two heavily briefed appeals have been filed with the District Court; a motion to amend the Complaint has been filed; and the cases have been reassigned to the Honorable Julien X. Neals, U.S.D.J. And yet, despite all that activity, it does not seem that *IQVIA I* has materially advanced toward the conclusion that we envisioned when *IQVIA II* was held in abeyance. The stay will be lifted for the following reasons.

**First**, *IQVIA I* is closing in on 5 years old. The potential benefit of continuing the stay no longer outweighs the prejudice to the non-moving party. The concept of the stay was to allow the parties to focus on the trade secrets question and antitrust counterclaim in *IQVIA I* quickly - resolution of which would as a practical matter short-circuit or move *IQVIA II* to a prompt resolution. Case management is not an exact science, and the discretionary stay concept has not worked as envisioned. While the case has moved forward some in the last year, progress has been slow. The parties are still involved in *IQVIA I* discovery; there is a motion to amend the Complaint; there are appeals pending; and the Special Master remains exceptionally busy. When *IQVIA II* was stayed, the Court was under the impression that discovery was beginning to "wind down" – it has not turned out that way. In other words, through no fault of any specific party, *IQVIA I* is taking time to litigate and *IQVIA II* remains stayed at the earliest

stages.  The Court believes that fairness to all parties requires litigating the full dispute on its merits now.

**Second**, although the cases have some common issues, *IQVIA II* has certain claims unrelated to *IQVIA I*.  Specifically, Veeva repeatedly refers to its intentional interference with customer contract claims as unrelated to issues in *IQVIA I*.  It is undisputed that these claims are not tied to any issue *IQVIA I*.  And these claims sit while the parties continue to litigate *IQVIA I*.  Allowing those claims to abide for a period of time was reasonable and often occurs in litigation of this type – that was the contemplation when the original stay was entered.  However, now going on a year, Veeva is entitled to prosecute its claims – claims they contend are ongoing and causing harm.[2]  Holding unrelated claims in abeyance for an extended period is unfair and prejudicial to Veeva.  *See, e,g.*, *Nippon v. POSCO*, 2013 WL 1867042 (D.N.J. May 2, 2013) ("it seems unfair—and prejudicial . . . —to discontinue this litigation in order to allow the USPTO to weigh in on some, but *not all*, of the claims in this case.").  This is especially so, when, on the other hand, there is no prejudice to IQVIA to address these claims – they will have to be addressed one way or another at one time or another.

**Third**, lifting the stay promotes judicial efficiency.  *IQVIA II* has now been pending for nearly two years with no material progress.  At the time the stay was imposed there was a motion pending in *IQVIA I* that sought potentially case dispositive sanctions – a motion which could have had serious domino effects if decided a certain way.  That motion has since been

---

[2]  IQVIA – while denying the conduct in its entirety - claims the parties have entered into access agreements that effectively cut off any Veeva illicit access-related claims – thus, any harm has stopped.  For its part, Veeva contends that it continues to believe IQVIA is accessing its software improperly.

decided and *IQVIA I* is proceeding.   Given the events of the last year and the present state of the cases, there is no basis to continue the stay.   Full discovery is the most efficient course at this time.   In fact, the Court intends to put into a place a case management schedule that requires *IQVIA II* to promptly catch up to *IQVIA I* and put a finite end date on all the parties' litigation issues.

*    *    *

At one point it made sense to let *IQVIA I* play out and see if the parties and Court could conserve time and resources resolving *IQVIA II*.   That time has passed – prejudice to Veeva and judicial efficiency compel the Court to lift the stay and address the parties' full dispute.   *IQVIA II* shall proceed; discovery will be scheduled; and the parties' interrelated disputes shall be brought promptly to a resolution on the merits.

Veeva's motion to lift the stay [ECF No. 63] is **GRANTED**.   The parties are directed to meet-and-confer and quickly propose a discovery schedule that will get the cases on the same track to be resolved on the merits.

<u>s/Mark Falk</u><br>
**MARK FALK**<br>
**United States Magistrate Judge**

**DATED:   September 21, 2021**